NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar # CA 117234
WILLIAM B. COSSITT, #3484
OFFICE OF THE UNITED STATES TRUSTEE
300 Booth Street, Room 3009
Reno NV 89509
USTPRegion17.RE.ECF@usdoj.gov
Telephone: (775) 784-5335
Fax: (775) 784-5531

Attorneys for United States Trustee
Tracy Hope Davis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case no: BK-N-15-51099-btb |
| KENNETH PATTERSON | ) | |
| Debtor | ) | Adv. No. _____ |
| | ) | |
| UNITED STATES TRUSTEE | ) | COMPLAINT FOR DENIAL OF |
| TRACY HOPE DAVIS | ) | DISCHARGE |
| | ) | |
| Plaintiff, | ) | [11 U.S.C. § 727(a)(2), (3), (4) and, (5)] |
| vs. | ) | |
| KENNETH PATTERSON | ) | |
| Defendant. | ) | |

Plaintiff, TRACY HOPE DAVIS, United States Trustee for the District of Nevada, alleges:

**JURISDICTION AND VENUE**

1. This adversary proceeding arises under title 11 of the United States Code and in the chapter 7 case of Kenneth Patterson ("Debtor" / "Defendant"), Case No. BK-N-15-51099-btb, filed in the District of Nevada.

2. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157, and LR 1001(b)(1), and venue is proper in the district under 28 U.S.C. §§ 1408,

1

1409.  This action is a "core" proceeding under the provisions of 28 U.S.C. § 157(b)(2)(J).  To the extent necessary, if any, the Plaintiff consents to entry of a final order by this Court.

**GENERAL ALLEGATIONS**

3.  Plaintiff is the United States Trustee (hereinafter US Trustee) for the District of Nevada, who has standing pursuant to 11 U.S.C. § 727(c)(1).

4.  Defendant was a resident of Stateline, Nevada, at the time of his bankruptcy filing and is a debtor under chapter 7 of title 11 of the United States Code.

5.  Defendant filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code on August 9, 2015, case no. BK-N-15-51099-btb, and Christina Lovato was appointed trustee.

6.  Defendant filed sworn Schedules and Statement of Financial Affairs on August 9, 2015.  Docket #1.

7.  Defendant filed a sworn Declaration Re:  Electronic Filing of Petition Schedules, Statements and Plan on August 9, 2015.  Docket #3.

8.  Defendant filed a sworn Chapter 7 Statement of Current Monthly Income on August 9, 2015.  Docket #4.

9.  Defendant provided documents to the chapter 7 Trustee on or before September 3, 2015,  including but not limited to, a sworn Trustee Questionnaire signed on September 3, 2015.

10.  Defendant filed sworn Amended Schedules B and C on September 8, 2015.

11.  Defendant filed sworn Reaffirmation Documents on September 15, 2015.  Docket #13.

12.  Defendant filed sworn Reaffirmation Documents on September 17, 2015.  Docket #15.

2

13. Defendant testified under oath at his Section 341 Meetings of Creditors on September 10, 2015 and October 28, 2015.

14. Defendant scheduled his interest in stocks and interest in a business, THE SBA PROS, INC. on his Schedules.

15. Defendant's Statement of Financial Affairs, #18, Nature, location and name of business is marked: NONE.

16. Defendant's Statement of Financial Affairs, #19, Books. Records and financial statements is marked: NONE.

17. Defendant's business, THE SBA PROS, INC., was incorporated on June 12, 2014.

18. Defendant did not schedule a checking, savings or other financial account and marked his Schedule B – Personal Property, #2: NONE.

19. Defendant's Schedule I states Defendant is a [L]oan Manager, self-employed at 297 Kingsbury Grade, Stateline, NV 89449, has been employed there 4 years, and his net income is $8,000 per month.

20. Defendant was requested to provide bank statements for his business, THE SBA PROS, INC. and did not.

21. Defendant was requested to provide a complete copy of the Articles of Incorporation for THE SBA PROS, INC. and he did not.

22. Defendant was requested to provide documentation to support his income of $8,000 per month and he did not.

23. Defendant was requested to provide documentation to support two loans of $200,000 from Paul Turner and Adel Ali and the disposition of the proceeds therefrom, and he did not.

24. Defendant was requested to provide documentation to support his disposition of jewelry valued at $100,000 which he sold in 2010, 2011, and 2012 and he did not.

25. Defendant has failed to provide requested documents to the US Trustee from which his financial condition may be ascertained.

## FIRST CLAIM FOR RELIEF
## [11 U.S.C. § 727(a)(2)]

26. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

27. Defendant, with the intent to hinder, delay, or defraud his creditors, or his chapter 7 trustee, or the US Trustee, transferred, removed, and concealed, or permitted to be transferred, removed or concealed, his property including without limitation, which was property of the Defendant, within one year before August 9, 2015 and property of the Defendant after August 9, 2015; including without limitation:

1) cash;

2) $100,000 in jewelry;

3) $200,000 in cash loans;

4) $904,373.01 in commission income from THE SBA PROS, INC.; and

5) $541,574 in gross receipts or sales from THE SBA PROS, INC. .

28. Defendant's knowing transfer, removal or concealment, or permitting the transfer, removal or concealment, of property, constitutes the intentional hinder, delay or defrauding of creditors, or Chapter 7 Trustee Christina Lovato, or the US Trustee, and warrants a denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and/or (B).

/ / / / /

/ / / / /

4

**SECOND CLAIM FOR RELIEF**
**[11 U.S.C. § 727(a)(3)]**

29. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

30. Defendant has, without justification, concealed, destroyed, mutilated, falsified, or failed to keep or preserve, recorded information, including books, documents, records, and papers from which his financial condition or business transactions might be ascertained, including without limitation bank statements, checks, loan documentation and books and records concerning Defendant's business, THE SBA PROS, INC.

31. Defendant has, without justification, concealed, destroyed, mutilated, falsified, or failed to keep or preserve a record of his business transactions for THE SBA PROS, INC.

32. Defendant failed to provide documentation for a $100,000 loan from Paul Turner to THE SBA PROS, INC. and failed to provide documentation regarding the disposition of those loan proceeds.

33. Defendant failed to provide documentation for a $100,000 loan from Adel Ali to THE SBA PROS, INC. and failed to provide documentation regarding the disposition of those loan proceeds.

34. Defendant's unjustified, concealment, destruction, mutilation, falsification, or failure to keep or preserve recorded information, warrants a denial of discharge pursuant to section 727(a)(3).

**THIRD CLAIM FOR RELIEF**
**[11 U.S.C. § 727(a)(4)(D)]**

35. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

36. Defendant, in bankruptcy case number BK-N-15-51099, knowingly and fraudulently withheld from an officer of the estate entitled to possession under this title, recorded information, including books, documents, records, and papers, relating to the Defendant's property or financial affairs.

37. Defendant provided a Profit and Loss Statement for THE SBA PROS, INC. showing commission income of $904,373.01 for June 2014 through June 2015 and no supporting documentation.

38. Defendant provided a 2014 Federal Tax return for THE SBA PROS, INC. showing gross receipts or sales of $541,574 and no supporting documentation.

39. Defendant provided a written statement that he incurred two $100,000 loans for THE SBA PROS, INC. but they were verbal agreements and he has no written documentation to support the loans or their disposition.

40. Defendant knowingly and fraudulently in connection with the case withheld from an officer of the estate entitled to possession under this title, recorded information including books, documents, records, and papers, relating to the debtor's property or financial affairs.

41. Defendants' knowing and fraudulent withholding of recorded information from an officer of the estate warrants a denial of discharge pursuant to 11 U.S.C. § 727(a)(4)(D).

**FOURTH CLAIM FOR RELIEF**
**[11 U.S.C. § 727(a)(5)]**

42. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

43. Defendant has failed to explain satisfactorily the loss of assets or deficiency of assets to meet his liabilities including without limitation:

a. $100,000 in jewelry;

6

b. $200,000 in cash loans;

c. $904,373.01 in commission income from THE SBA PROS, INC.; and

d. $541,574 in gross receipts or sales from THE SBA PROS, INC.

44. Defendant's failure to account for his loss of assets or deficiency of assets warrants a denial of discharge pursuant to 11 U.S.C. § 727(a)(5).

**WHEREFORE**, Plaintiff prays for judgment as to each claim for relief as follows:

1. For an order of this Court that Defendant be denied a discharge.

2. For such other and further relief as the Court deems just and proper, including costs of suit incurred herein.

DATED this 4th day of November, 2015.

    Respectfully submitted,

    Nicholas Strozza, State Bar # CA 117234
    William B. Cossitt, State Bar #3484
    300 Booth Street, #3009
    Reno NV 89509

    /s/ WILLIAM B. COSSITT
    Attorneys for United States Trustee
    Tracy Hope Davis